OPINION *Page 2 
{¶ 1} On August 6, 2003, the Richland County Grand Jury indicted appellant, Kyle Barkimer, on one count of rape in violation of R.C.2907.02 and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04. Said charges arose from an incident involving a fifteen year old girl.
 {¶ 2} On February 5, 2004, appellant pled guilty to an amended count of sexual battery in violation of R.C. 2907.03 and the unlawful sexual conduct with a minor count. By judgment entry filed March 23, 2004, the trial court sentenced appellant to a total aggregate term of four years in prison.
 {¶ 3} On October 18, 2004, appellant filed a motion for judicial release. By judgment entry filed May 2, 2005, the trial court denied the motion, but indicated it would reconsider the motion if appellant was accepted in the Volunteers of America program in Cincinnati.
 {¶ 4} On July 25, 2005, another trial judge held a judicial release hearing, and granted appellant judicial release to the "VOA — Cincinnati." The trial judge imposed a three year period of community control sanctions.
 {¶ 5} On February 2, 2007, the original trial court filed an entry entitled "Proposed Correction of Community Control Conditions," extending appellant's community control to a total of five years.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 7} "THE TRIAL COURT ERRED BY ORDERING AN ADDITIONAL TWO YEARS OF COMMUNITY CONTROL WHERE DEFENDANT BARKIMER DID NOT VIOLATE ANY TERM OR CONDITION OF EITHER HIS JUDICIAL RELEASE OR HIS COMMUNITY CONTROL SANCTION."
 I {¶ 8} Appellant claims the trial court erred in extending his term of community control beyond the time set at his judicial release hearing, as he had not violated any terms of his judicial release or his community control.
 {¶ 9} In its entry entitled "Proposed Correction of Community Control Conditions" filed February 2, 2007, the trial court stated the following:
 {¶ 10} "The undersigned judge, to whom this case was assigned, has learned that another judge of this court judicially released the defendant in this case in July, 2005. At the time, there was no pending motion for judicial release, and neither the prosecutor nor the victims were notified of the judicial release hearing.
 {¶ 11} "In addition, the term set by the releasing judge is shorter than that the undersigned judge imposes for this type of crime. This fact was discussed with defendant at his probation review and he consented to the full term. It is therefore ordered that the defendant's term of probation is fixed at five (5) years. If the defendant has any objection to this extension of his community control, he may file his objections with the court, and the court will set the issue of the judicial release and conditions of release for further examination and hearing." *Page 4 
 {¶ 12} We note a May 2, 2005 judgment entry signed by the "undersigned judge" denied appellant's motion for judicial release, but stated it would consider judicial release "only with residential placement to the Volunteers of America in Cincinnati which has a long waiting list at this time. The court will reconsider the motion when a bed is available."
 {¶ 13} The docket lists a probation review hearing scheduled for November 13, 2006. There is no transcript of this hearing. Appellant did not file objections to the trial court's proposed correction entry as directed, but instead filed an appeal.
 {¶ 14} Because the trial court has yet to formalize the community control extension, we find this appeal is not an appeal of a final appealable order. See, R.C. 2505.02.
 {¶ 15} Pursuant to Crim.R. 42(A), appellant has the right to be present and represented during the imposition of any extended community control.
 {¶ 16} Upon review, we find we lack jurisdiction to review the appropriateness of the community control extension. The appeal is dismissed. By Farmer, J. Gwin, P.J. and Wise, J. concur.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed. *Page 1